STELLAR, PLAINTIFF-APPELLANT, *v.* GREYHOUND CORPORATION ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26041. Decided December 6, 1962.

*Messrs. Roemisch & Wright,* for plaintiff-appellant.

*Mr. Donald M. Marshman,* for defendant-appellee, Greyhound Corporation.

*Messrs. Endress & Endress,* for defendant-appellee, Frank M. Gregorich.

(HUNSICKER, P. J., DOYLE, J., of the Ninth District, and DONAHUE, J., of the Seventh District, sitting by designation in the Eighth District.)

DOYLE, J. This case was commenced in the Court of Common Pleas of Cuyahoga County by Emma Esther Stellar, and directed against Greyhound Corporation and Frank M. Gregorich. The plaintiff charged that she received personal injuries in a collision between a Greyhound bus in which she was riding and an automobile being driven by Frank M. Gregorich, as the direct and proximate result of specifically-stated negligent acts of each of the defendants. She pleaded that, "as a direct and proximate result of the aforedescribed joint and concurrent careless and negligent acts and/or omissions of the defendants, she was hurled with great force and violence to the floor of said bus, causing her to sustain the following described injuries * * *."

The issues were joined by the pleadings of the defendants, and the case proceeded to trial before a jury on the 16th day of January, 1962. At the close of counsel for the plaintiff's opening statement, the Court, upon motion of the defendant Greyhound Corporation, dismissed the Greyhound Corporation from the case, and the trial proceeded against the remaining defendant.

The transcript of the record shows the occurrence of the following events after the dismissal of Greyhound Corporation:

"January 19, 1962. Verdict finding for plaintiff in the sum of $500, filed.

"January 19, 1962. To Court: the jury in this action having on the 19th day of January, 1962, rendered a verdict in favor of plaintiff in the sum of five hundred dollars ($500) against defendant Frank Gregorich, judgment is hereby rendered in favor of plaintiff against Frank Gregorich for $500 and costs of this action. No record. * * *

"January 27, 1962. Motion for new trial by plaintiff filed.

"April 17, 1962. To Court: Plaintiff's motion for a new trial is hereby overruled. * * *"

In the motion for a new trial, the plaintiff alleged that: (1) the court erred in dismissing Greyhound Corporation from the case; (2) in "granting defendant Gregorich special request to charge before argument"; (3) "in not permitting her to cross-examine the defendant Gregorich on the course of conduct of the codefendant, Greyhound Corporation"; (4) the verdict is insufficient in law * * *."

The appeal to this court was taken by the plaintiff from: (1) the order dismissing Greyhound Corporation; and (2) the judgment in plaintiff's favor against Frank M. Gregorich.

The judgment debtor, Gregorich, has moved this Court to dismiss the appeal "for the reason that no substantial right of the plaintiff-appellant has been adversely affected * * *."

In deciding this question it must be kept in mind that, in this state, liability in tort is not joint, but is joint and several; and even though a judgment is entered against one tort-feasor for adequate damages, nevertheless, the injured party is aggrieved and adversely affected if he is wrongfully deprived of a right to secure a judgment against both, with the accompanying right to execute his judgment against either one or both, or at least the right to pursue one who may not be execution proof. See Section 2 Ohio Jurisprudence (2d), Appellate Review, Sec. 172.

The motion to dismiss the appeal will be overruled.

The sole assignment of error appears in the following language:

"The trial court committed error prejudicial to the plaintiff-appellant in dismissing the defendant Greyhound Corporation from the cause at the close of plaintiff's case."

As stated above, Greyhound Corporation was dismissed following the opening statement of counsel. Without a bill of

exceptions we have no way of knowing the statements of counsel, and we indulge the presumption that the trial court followed the law in its ruling upon the statements. A reversal of a judgment for a defendant on the opening statements of counsel cannot rest upon the pleadings alone. See 4 Ohio Jurisprudence (2d), Appellate Review, Sec. 1094.

Judgment affirmed.

HUNSICKER, P. J., and DONAHUE, J., concur.